IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| *Plaintiff,* | ) ) ) |
| *vs.* | ) Case No. CR-11-30-D ) |
| ADEDAYO O. ADEGBOYE and OLALEKAN RUFAI, | ) ) ) ) |
| *Defendants.* | ) |

**DEFENDANT ADEDAYO O. ADEGBOYE'S MOTION FOR A
JUDGMENT OF ACQUITTAL OR IN THE ALTERNATIVE FOR A NEW TRIAL
UNDER FEDERAL RULES OF CRIMINAL PROCEDURE, RULE 29 AND RULE 33**

**I.**

**INTRODUCTION**

On August 17, 2011, a jury found Adedayo O. Adegboye ("Defendant" or "Mr. Adegboye" herein) guilty of Counts 2-6 (Health Care Fraud) of the Superseding Indictment. Defendant now moves this honorable Court for a judgment of acquittal as to said convictions pursuant to Rule 29 of the *Federal Rules of Criminal Procedure*. In the alternative, Defendant moves this Court for a new trial pursuant to Rule 33 of the *Federal Rules of Criminal Procedure.*

**II.**

**JUDGMENT OF ACQUITTAL**

At the close of the governments's case-in-chief, Mr. Adegboye timely moved for a judgment of acquittal as to Counts One through Six of the Superceding Indictment pursuant to Rule 29(a) *Fed. R. Crim. Proc.*. This Court denied Mr. Adegboye's motion as to all counts. The jury subsequently found Mr. Adegboye guilty of Counts Two through Six – Health Care Fraud.

1

Pursuant to *Fed. R. Crim. P.* Rule 29(c)(1)*,* a motion for judgment of acquittal is to be filed no later than fourteen (14) days after a verdict of guilt.  In the present case, Defendant Adegboye's motion is required to be filed no later than August 31, 2011.

In considering a motion for judgment of acquittal pursuant to Rule 29, Fed. R. Crim. P., the Court cannot weigh the evidence or consider the credibility of witnesses. *See Burks v. United States*, 437 U.S. 1, 16 (1978). Rather, the Court must view the evidence in the light most favorable to the government and determine whether the record contains sufficient evidence from which a jury might properly find a defendant guilty beyond a reasonable doubt. *United States v. Erickson*, 561 F.3d 1150, 1158 (10th Cir. 2009).  The jury may base its verdict on both direct and circumstantial evidence, together with all reasonable inferences that can be drawn therefrom, viewed in the light most favorable to the government. *Id*. While the evidence supporting the conviction must be substantial and do more than raise a mere suspicion of guilt, it need not conclusively exclude every other reasonable hypothesis and it need not negate all possibilities other than guilt. *Id*. at 1158-59; see *United States v. Burkley*, 513 F.3d 1183, 1188 (10th Cir. 2008).

A person is guilty of health care fraud when he knowingly and willfully executes, or attempts to execute, a scheme or artifice to defraud any health care benefit program, or to get any of the money or property owned by, or under the custody or control of, a health care benefit program, by means of false or fraudulent pretenses, representations or promises.  In the instant case, the Defendant did not dispute that health care fraud had occurred, but he adamantly denied that he was either knowingly or willfully involved in that fraud.  Accordingly, Defendant submits that this honorable Court must determine whether, viewing the evidence in the light most favorable to

the Government, the record contains sufficient evidence from which a jury might properly find that Mr. Adegboye knowingly and willfully participated in the health care fraud which admittedly occurred.

The Government called Viola Jones, David Nelson, Wanda Davis and Rosa Mason to testify to the solicitation of Medicare information and delivery of unnecessary durable medical equipment.  These witnesses testified that Medicare recipients received durable medical equipment from First Century Medical that was neither needed nor wanted.  However, none of these witnesses identified Mr. Adegboye as being involved with any of the transactions.  He was not identified as a person who solicited their business or as a person who delivered equipment to their residence.  There was no indication that any of the Medicare beneficiaries had communicated with Mr. Adegboye in person, by telephone, by postal mail, electronic mail, text messaging, or otherwise.  None of these witnesses provided any testimony regarding Mr. Adegboye's knowledge or intent.

The Government called Sasha Rinker, Tracina Pratcher and Florida Raines to testify to First Century Medical's day to day operations.  These witnesses testified that, as employees of First Century Medical, they would receive packets from Joshua Ohaka which contained information regarding Medicare recipients. The witnesses used that information to prepare necessary forms to bill Medicare for equipment the Medicare recipients were allegedly receiving.  The packets would be returned to Mr. Ohaka or, if directed to do so by Mr. Ohaka, sent directly to the billing company.  None of these witnesses testified specifically about the allegations in Counts 2-6. None of these witnesses ever communicated with Mr. Adegboye about the receipt or use of the information packets from Mr. Ohaka.  None of these witnesses ever communicated any concerns

about the actions of First Century to Mr. Adegboye. None of these witnesses ever forwarded any customer concerns or complaints to Mr. Adegboye. In fact, none of these witnesses ever communicated any information to Mr. Adegboye that was not first filtered through Mr. Ohaka.

Neither Ms. Rinker nor Ms. Raines had any idea that health care fraud was being perpetrated so they could not express any such concerns to Mr. Adegboye. Ms. Pratcher indicated that she felt that Mr. Ohaka might have been involved in health care fraud, but she never expressed those concerns to Mr. Adegboye. Additionally, Ms. Pratcher's concerns about Mr. Ohaka did not extend to either Mr. Adegboye or Mr. Ruffai. None of these witnesses testified to Mr. Adegboye's knowledge or intent concerning the fraud which was the basis of Counts 2-6.

The Government called a number of witnesses – Scott Ward, Jonathon Bergey, Gina Bertram, David Tinker and Dorothy Long – to testify generally that Mr. Adegboye was the President of First Century Medical. As such, he filed paperwork to obtain First Century's Medicare billing number, he signed various contracts on behalf of First Century, he wrote checks on behalf of First Century and he received money from the profits of First Century. Of particular importance to the Government's case, from these witnesses' testimony, was the fact that Mr. Adegboye never indicated that Mr. Ohaka was an owner or managing employee of First Century Medical in his Medicare filings.

With the exception of Jonathon Bergey, who identified the location of the Medicare beneficiaries related to Counts 2-6 and the fact that First Century had in fact billed Medicare for equipment allegedly delivered to those beneficiaries, none of these witnesses testified with any particularity as to Counts 2-6. Additionally, none of these witnesses could provide any information regarding Mr. Adegboye's knowledge and intent in relation to Counts 2-6.

Finally, the Government called Agent Mark Schweers to explain the investigation into First Century Medical and to summarize the evidence against Mr. Adegboye. Agent Schweers was repeatedly asked questions about Mr. Ohaka and Mr. Ohaka's various durable medical equipment companies. Agent Schweers was unable to answer many of these questions as he insisted that his investigation was solely focused on First Century Medical, Mr. Adegboye and Mr. Ruffai. Nonetheless, when asked to describe how First Century operated, Agent Schweers summarized the operation essentially as follows: 1) persons working for Mr. Ohaka would solicit information from Medicare beneficiaries, 2) that information would be forwarded to Mr. Ohaka, 3) Mr. Ohaka would then prepare an information packet that he would forward to the onsite employee at First Century, 4) the onsite employee would use the information packet to prepare the necessary Medicare paperwork which would then be returned to Mr. Ohaka or, if Mr. Ohaka requested, forwarded directly to the billing company. What Agent Schweers did not say, but what was established through additional evidence, was that persons working for Mr. Ohaka would then deliver the medical equipment, such as it was, to the beneficiaries, and Mr. Ohaka would then bill First Century Medical for the equipment. Agent Schweers did not testify with any particularity as to the fraud that was the basis for Counts 2-6.

Defendant believes that a fair summary of the Government's case is that the Government thoroughly established that Mr. Adegboye was the President of First Century Medical and that First Century Medical submitted fraudulent bills to Medicare – issues which were uncontested by Mr. Adegboye. As for proof that Mr. Adegboye knew or intended the fraudulent billing to occur, the Government offered only one fact – Mr. Adegboye failed to identify Mr. Ohaka as an owner or managing employee of First Century. According to the Government, Mr. Adegboye failed on

five different occasions to list Mr. Ohaka – four times when he submitted paperwork to Medicare and once, after the fact, when he submitted an affidavit to the FBI. According to the Government, this was proof beyond a reasonable doubt that Mr. Adegboye knew and intended the fraudulent actions of First Century.[1]

Even viewed in the light most favorable to the Government, this evidence cannot be termed substantial and it does no more than raise a suspicion of guilt. Accordingly, Mr. Adegboye is entitled to relief under Rule 29 of the Federal Rules of Criminal Procedure. This honorable Court should immediately enter a judgment of acquittal as to Counts 2-6 and order Mr. Adegboye's release from custody.

### III.

### NEW TRIAL

Rule 33, Fed. R. Crim. P., provides that the Court may grant a motion for a new trial "if the interest of justice so requires." A motion for new trial under Rule 33 is not regarded with favor and is granted with great caution. *United States v. Herrera*, 481 F.3d 1266, 1269-70 (10th Cir. 2007) (citing *United States v. Trujillo*, 136 F.3d 1388, 1394 (10th Cir. 1998)). The decision whether to grant a motion for new trial is committed to the sound discretion of the trial court. *United States v. Custodio*, 141 F.3d 965, 966 (10th Cir. 1998). In the instant case, a new trial

---

[1] Of course the Government's own evidence also established that First Century submitted paperwork in its initial Medicare application that included contracts with Ohaka owned companies; even one contract that was actually signed by Mr. Ohaka. Additionally, Mr. Ruffai testified that there was no plan to hide First Century Medical's connection to Mr. Ohaka. According to Mr. Ruffai, the Medicare application was accurate based on the understanding he and Mr. Adegboye had of Mr. Ohaka's role. They believed him to be a friend who was assisting them in establishing First Century. He was not an owner and it was never intended that he be a managing employee. Neither Mr. Ruffai nor Mr. Adegboye was aware of the active role Mr. Ohaka played in the day to day operations of First Century Medical because they were not present to observe the day to day operations and First Century Medical's onsite employees never informed them.

should be granted because the jury's verdict was inconsistent, logically unsupportable and likely a result of a mistake of law.[2]

The Government's theory in the instant case was that Mr. Adegboye, as well as his co-defendant Mr. Ruffai, conspired with Mr. Joshua Ohaka to commit health care fraud. The Government made no legitimate attempt to connect Mr. Adegboye directly to the events that led to Counts 2-6. Rather, the Government attempted to connect Mr. Adegboye to Counts 2-6 through his connection to Mr. Ohaka. The Government's theory was that Mr. Adegboye was guilty of Counts 2-6 because he was responsible for the actions of his co-conspirator Mr. Ohaka. Accordingly, an acquittal in Count 1 should have resulted in an acquittal in all counts in the instant case. However, the jury reached the one conclusion that seemed logically impossible – not guilty as to the conspiracy, but guilty as to the substantive counts of health care fraud. This conclusion was inconsistent, insupportable and clearly based on a misunderstanding of the law.

The Defendant submits that the Government would have to acknowledge that its theory of guilt as to Counts 2-6 was premised on Mr. Adegboye being convicted in Count 1.[3] It was clear that Mr. Ohaka was responsible for directing the actions that led to Counts 2-6. Only if Mr. Adegboye had conspired with Mr. Ohaka could the jury logically conclude that Mr. Adegboye was guilty in Counts 2-6. As described above, absent the finding of a conspiracy, the Government's evidence as to Counts 2-6 did nothing more than establish where the beneficiaries lived, and that First Century Medical had billed Medicare for equipment that was never delivered to the beneficiaries. The Government made absolutely no effort to establish that Mr. Adegboye

---

[2] Pursuant to *Fed. R. Crim. P.* Rule 33(2), a motion for new trial, not premised upon the discovery of new evidence, is to be filed no later than fourteen (14) days after a verdict of guilt. In the present case, Defendant Adegboye's motion is required to be filed no later than August 31, 2011.

[3] Essentially the Government's theory of guilt in Counts 2-6 was the Conspirator's Liability for Substantive Count as instructed by this Court in Instruction #25.

knew about, much less intended, the fraudulent billing that was the basis for Counts 2-6. It was literally impossible, given the evidence and argument in the instant case, for the jury to have rationally concluded that Mr. Adegboye was not involved in a conspiracy with Mr. Ruffai and Mr. Ohaka, but was guilty of the five substantive acts of health care fraud alleged in Counts 2-6. Fortunately, this seemingly irrational conclusion is easily explained.

Approximately half way through their second day of deliberations the jurors sent out a question that indicated they were confused as to whether Mr. Adegboye could be held responsible for the criminal actions of First Century Medical regardless of his knowledge and intent that those actions occur. In other words, the jury wanted to know if Mr. Adegboye could be held "strictly liable" for the actions of First Century. The Court sent a response attempting to clear up any confusion the jury had, but evidently the confusion remained. As stated above, the jury's decision in the instant case is logically insupportable given the Government's evidence and argument. However, it suddenly makes sense if one considers the jury's confusion. If the jury believed that it was to hold Mr. Adegboye strictly liable for the actions of First Century, regardless of his knowledge or intent, then it would be compelled to convict on Counts 2-6 even absent a conspiracy.[4] Admittedly this is a presumption on the part of the Defendant, but it is supported by the note sent out by the jury and the fact that it is the only logical explanation as to how the jury arrived at its verdicts in the instant case.

   Mr. Adegboye was entitled as a matter of law to an acquittal in Counts 2-6 unless the Government established beyond a reasonable doubt that he knowingly and willfully engaged in health care fraud. The Government made no attempt to meet this burden beyond its argument

---

[4] As stated above, Mr. Adegboye never even challenged the fact that First Century Medical had been complicit in health care fraud.

that he entered into a conspiracy with Mr. Ruffai and Mr. Ohaka.  The jury unanimously rejected the conspiracy argument, but inconsistently and illogically concluded that he was guilty in Counts 2-6.  This is an unsupportable conclusion that was almost certainly based on a mistake of law.  The interest of justice demands this honorable Court set aside these convictions and, if not granting a judgment of acquittal, grant Mr. Adegboye a new trial.

Respectfully submitted,

s/ Perry Hudson_____
Perry Hudson, OBA #17649
Hudson Law Office, PLLC
1315 N. Shartel Avenue
Oklahoma City, OK 73103
(405) 208-4595

Counsel for Adedayo O. Adegboye

CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of August, 2011, I electronically filed the attached document.  Service was made through the ECF System on the following ECF registrants:

Ms. Amanda Maxfield Green
Assistant United States Attorney

Ms. Vicki Behenna
Assistant United States Attorney

Mr. Paul Antonio Lacey
Counsel for Olalekan Rufai

s/ Perry Hudson_____