IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     *Plaintiff*, ) | |
| ) | |
| v. ) | CASE NUMBER: CR-11-30-D |
| ) | |
| OLALEKAN RUFAI, ) | |
| ) | |
|     *Defendant*. ) | |

**MOTION FOR DOWNWARD DEPARTURE OR VARIANCE**

On August 17, 2011, a petit jury in this district acquitted Olalekan Rufai of conspiracy to execute and attempt to execute a scheme and artifice to materially defraud Medicare in connection with the delivery of payment for health care benefits, items and services. Much to his chagrin, that jury found him guilty of five substantive counts of Medicare fraud or of aiding and abetting another in the commission of the offenses. Your Honor will sentence him in the near future. We implore the Court to consider sentencing him to a non-Guideline, or "variant" sentence of "time served" which, as of the filing of this motion, has been 171 days in jails or detention facilities (including interstate transport through the Federal Transfer Center) and 82 days of community confinement at the Carver Center.

In *Alejandra Tapia v. United States,*– S.Ct.–, 2011 WL 2369395 (U.S.) the Court enunciated new guidance for applying the sentencing factors set out in Title 18, United States Code, § 3553(a). Four considerations – retribution, deterrence, incapacitation, and rehabilitation – are the four purposes of sentencing generally,

and a court must fashion a sentence "so as to achieve the purposes set forth in subparagraphs (A) through (D) of section 3553(a)(2) to the extent that they are applicable in light of all the circumstances of the case." Title 18, United States Code, § 3551(a).

**STEP ONE:**     **CALCULATION OF THE ADVISORY GUIDELINE RANGE**

This Court must first compute the advisory guidelines properly. This means the Court is to properly apply the advisory sentencing guidelines to the facts of the case.

The parties lodged objections to the initial Presentence Investigation Report (PSR) and they are incorporated in the Addendum to the final PSR.

The plaintiff objects to the "intended loss" arguing that it should be $1,168,509.00 with a corresponding +18 Specific Offense Characteristic enhancement, pursuant the November 1, 2011 amendments to the Sentencing Guidelines. The PSR writer responds and Mr. Rufai concurs, that employing the 2011 Manual results in an *ex post facto* violation.

Mr. Rufai objects to the suggestion that the "intended loss" is $374,771.00 as stated in paragraphs 19 and 26 of the PSR. The PSR writer responds that he believes the intended loss is calculated accurately, but goes on to say that "at the very least the defendant should be held accountable for the intended loss related to the counts of conviction, which totals $26,680.00." Mr. Rufai concedes that the

intended loss, for his sentencing, should be $26,680.00. Should he prevail, the Specific Offense Characteristic for loss is +4 rather than +12.

The plaintiff objects to a -2 level downward adjustment for Mr. Rufai's minor role in the offense. The PSR writer responds and Mr. Rufai concurs, that a minor role is warranted.

Mr. Rufai objects to the suggestion in paragraphs 23 and 31 that an adjustment for acceptance of responsibility does not appear to be warranted. As evidenced by his trial testimony, Olalekan Rufai accepted responsibility for all of his actions. Should he prevail, there will be a -2 or -3 level adjustment, dependant upon whether the Adjusted Offense Level is 16 or higher.

The combined objections of both parties result in a range of imprisonment from 0-6 months on the low end to 51-63 months on the high end.

This is an exceptional case and the facts do not lend themselves to simple mathematical measure. This Court may reject the Guideline range on the basis of a policy disagreement with the Guidelines. *United States v. Spears*, 129 S. Ct. 840, 844 (2009).

**STEP TWO:**     **CONSIDERATION OF ANY DEPARTURE MOTIONS AUTHORIZED BY THE ADVISORY GUIDELINES**

The degree of departure from the applicable guidelines range is reviewed for unreasonableness. Compare Title 18, United States Code, § 3742 (e)(3)(C)

(pre-*Booker* standard) with *Booker* (replacing Title 18, United States Code, § 3742(e) with "unreasonableness" review of all sentences).

Downward departures under the Sentencing Guidelines in criminal cases[1] may be warranted if there exists an aggravating or mitigating circumstance of a kind or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objectives set forth in the Title 18, United States Code, § 3553(a)(2), should result in a sentence different from that described.  These departures fall into the categories of:

1)  identified circumstances not adequately taken into consideration by the Commission in determining the applicable range;

2)  in an exceptional case, circumstances the Commission has not identified in the guidelines but that nevertheless are relevant in determining the appropriate sentence;

3)  in an exceptional case, circumstances, that even though they are taken into consideration in determining the guideline range, such circumstances are present to a degree substantially in excess of, or substantially below, that which ordinarily is involved in that kind of offense;

4)  identified offender characteristics or circumstances that are not ordinarily relevant that become relevant because they are present to an exceptional degree; and,

5)  multiple offender characteristics or circumstances as listed above, present to a substantial degree, none of which is sufficient independently, but when combined, make the case exceptional.

---

[1] Other than child crimes and sexual offenses.

Mr. Rufai identifies the following Guidelines identified offender characteristics or circumstances for the Court's consideration in determining what type and length of sentence is sufficient, but not greater than necessary to comply with the statutory directives set forth in Title 18, United States Code, [§ 3553(a)](#):

**FAMILY TIES AND RESPONSIBILITIES -** As the oldest of his siblings, after his father's passing in 2001, Mr. Rufai assumed a patriarchal role in his extended and immediate families on two continents.  Since his arrest on April 14, 2011, he has been unable to provide financial assistance to any of those who depend on him.  This has been devastating to all.  The Sentencing Guidelines state that family ties and responsibilities are not ordinarily relevant in determining whether a departure is warranted.  The Commentary advises that in determining whether a departure is warranted the Court shall consider the seriousness of the offense, the involvement in the offense, if any, of members of the defendant's family and the danger, if any, to members of the defendant's family as a result of the offense.  It also requires the presence of the following circumstances:

> The defendant's service of a sentence within the applicable guideline range will cause a substantial, direct, and specific loss of essential caretaking, or essential financial support, to the defendant's family.
>
> The loss of caretaking or financial support substantially exceeds the harm ordinarily incident to incarceration for a similarly situated defendant.
>
> The loss of caretaking or financial support is one for which no effective remedial or ameliorative programs reasonably are available, making the defendant's caretaking or financial support irreplaceable to the defendant's family.
>
> The departure effectively will address the loss of caretaking or financial support.

([USSG § 5H1.6](#))

***MITIGATING CIRCUMSTANCES*** - The advisory guidelines are "greater than necessary" and the purpose of sentencing is satisfied by a below guidelines

5

sentence. There exists mitigating circumstances of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines, that in order to advance the objectives set forth in Title 18, United States Code, § 3553(a)(2), a sentence below the advisory guideline range should be imposed. (*USSG § 5K2.0*(b));

***OTHER*** - The facts, characteristics and circumstances of this case, taken in their entirety, distinguish this case as sufficiently atypical and warrant a sentence lower than called for under the guidelines.

### STEP THREE: CONSIDERATION OF THE § 3553(A) FACTORS IN DETERMINING WHETHER THE PUNISHMENT IMPOSED IS THE TYPE AND LENGTH OF SENTENCE SUFFICIENT, BUT NOT GREATER THAN NECESSARY

We urge the Court to impose a non-guideline sentence based on application of the sentencing factors set out in Title 18, United States Code, § 3553(a) and in particular the nature and circumstances of the offense, the history and characteristics of the offender, and the need for the sentence imposed to promote certain statutory objectives. A variant sentence is supported by a combination of Mr. Rufai's personal history and characteristics; low risk for future misconduct; propensity for rehabilitation; and, his personal circumstances. It is further buttressed by consideration of the nature, circumstances, and seriousness of the offense; how it may promote respect for the law and deter criminal conduct; avoidance of disparities among defendants who have been found guilty of similar conduct; and, most of all, affording just and appropriate punishment.

Under the Sentencing Reform Act, the Court must impose at least one of the following sanctions: imprisonment (which may be followed by supervised

6

release), probation, or a fine.  *See* Title 18, United States Code, § 3551(b).  In determining the sanction(s), this Court should not place the advisory guideline range on a pedestal and look to see if the other statutory factors are sufficient to knock it down.  Instead, this Court should employ § 3553 in its entirety as a blueprint for determining the reasonableness of the resulting sentence.

Under Title 18, United States Code, § 3661, "*no limitation* shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (emphasis added).  This statutory language certainly overrides the (now-advisory) policy statements in Part H of the sentencing guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors.

A proper inquiry is whether the computed guideline range creates a sentence that is sufficient but not greater than necessary.  Why does this defendant have to be detained or imprisoned any longer than he already has?  Why is the sentence suggested by the Sentencing Guidelines objectively more appropriate than time served?

**APPLICATION OF THE STATUTORY SENTENCING FACTORS TO THE FACTS OF THIS CASE**

    ***1.    The Nature and Circumstances of the Offense and the History and Characteristics of the Offender***

        ***(A)    Nature and Circumstances of Offense***

Between the PSR's summary overview and the trial testimony, Mr. Rufai believes the Court is fully informed of the nature and circumstances of the offense.

        ***(B)    History and Characteristics of the Defendant***

The Court heard Mr. Rufai's trial testimony which provided much detail regarding his history and characteristics. The *PSR* and his allocution statements provide additional valuable insight.

Mr. Rufai has called the last eight months a surrealistic nightmare. He has had very little communication with his family. He is deeply sorrowed by their suffering because of his inability to assist them. Not a single member of his immediate or extended family has been unaffected. He prays for their well being daily.

He will be deported after service of any sentence imposed. He hopes that day will come quickly.

## 2. *The Need for the Sentence Imposed To Promote Certain Statutory Objectives:*

### (A) *to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense*

Mr. Rufai readily acknowledges the seriousness of Medicare fraud. He accepts that he has been convicted and recognizes that punishment is forthcoming. His allocution statements evidence his respect for the law. Mr. Rufai asks only that the punishment imposed be the type and length of sentence sufficient, but not greater than necessary, to comply with the statutory directives.

### (B) *to afford adequate deterrence to criminal conduct*

Section 3553(a)(2)(B) requires the judge to consider "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct." Because the empirical research shows no relationship between sentence length and deterrence, deterrence provides no basis for a sentence of any length.

The general finding is that "deterrence works," in the sense that there is less crime with a criminal justice system than there would be without one. But the question for the Court is "marginal deterrence," i.e., whether any particular quantum of punishment results in increased deterrence and thus decreased crime. Here the findings are uniformly negative: there is no evidence that increases in sentence length reduce crime through deterrence.

Potential criminals are not generally aware of penalties for their prospective crimes, do not believe they will be apprehended and convicted, and simply do not

9

consider sentence consequences in the manner one might expect of rational decision makers. A recent review of this issue concluded: "There is generally no significant association between perceptions of punishment levels and actual levels . . . implying that increases in punishment levels do not routinely reduce crime through general deterrence mechanisms."[2]

**(C)** *to protect the public from further crimes of the defendant*

Section 3553(a)(2)(C) requires the judge to consider "the need for the sentence imposed . . . to protect the public from further crimes of the defendant." This purpose of sentencing has to do with both the risk of recidivism and the nature of the defendant's prior crimes, if any. It is not so important for those offenders who have little risk of recidivism. Because of the mandatory deportation awaiting Mr. Rufai, the public has no need for protection.

**(D)** *to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner*

Section 3553(a)(2)(D) requires the judge to consider "the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." Mr. Rufai does not need educational or vocational training or medical care. He does not need rehabilitation or other correctional treatment.

---

[2]   Gary Kleck, et al, *The Missing Link in General Deterrence Theory*, 43 Criminology 623 (2005).

### *3.     The Kinds of Sentences Available*

In *Booker*, the Supreme Court severed and excised Title 18, United States Code, § 3553(b), the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular sentencing guidelines range. This renders the sentencing guidelines advisory.

Statutorily, the range of punishment on each count is not more than 10 years imprisonment, a maximum fine of $250,000.00, not more than 3 years supervised release, and a mandatory $100.00 special assessment per count.

Mr. Rufai posits a sentence of time served is sufficient but not greater than necessary to meet the objectives of sentencing.

### *4.     The Sentencing Range Established by the pursuant Commission*

As written in the PSR, the advisory guideline range of imprisonment is 21 to 27 months. Given the objections filed by the parties, there remains wide latitude regarding the correctly determined range.  Either way, the Court must remain mindful that the sentencing guideline range is merely  advisory.  The Court must treat the guidelines as advisory and may not afford the guideline range established thereby, any presumption of reasonableness.

Mr. Rufai contends the advisory guidelines invites a sentence that is greater than necessary to reflect the seriousness of the offense and promoting sentencing disparities.  The Sentencing Table ignores and undermines other statutory sentencing purposes and factors altogether.

Congress intended that sentencing turn not only on the details of the offense but also on a wide array of other factors, ranging from the "history and characteristics of the defendant" to the need to provide "adequate deterrence" and "to protect the public. . . ." See Title 18, United States Code, § 3553(a). Nothing in the sentencing statute suggests that Congress intended judges to neglect these myriad of factors for the sake of one factor alone. In fact, the range of relevant statutory factors makes clear just the opposite. Thus, district judges should not allow the Sentencing Table to divert attention from other important statutory sentencing factors. Rather than get bogged down in departure nomenclature, we ask this Court to consider all of the factors as required by the statutory framework and to vary from the guideline range.

## 5. *Pertinent Policy Statements*

Policy statements were addressed previously in the Departure Motions Authorized by the Advisory Guidelines section.

## 6. *The Need To Avoid Unwarranted Disparities Among Defendants With Similar Records Who Have Been Found Guilty of Similar Conduct*

Title 18, United States Code, § 3553(a)(6) does not proscribe all disparities, only unwarranted ones. Ultimately, each case must be weighed on the totality of the facts and circumstances of the individual.

Statistics compiled by the United States Sentencing Commission are available at [U.S. Sentencing Commission, 2010 Sourcebook of Federal Sentencing Statistics](#).

*7.     The Need to Provide Restitution to Any Victims of the Offense*

Restitution is mandatory.

## CONCLUSION

Mr. Rufai posits that the proposed sentence of time served is sufficient but not greater than necessary to meet the objectives of sentencing in this case. First, it has provided time for him to reflect on his choice of associates. Second, such a sentence does not create an unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct. Third, such a sentence is adequate because he does not need educational or vocational training, medical care or other correctional treatment. Fourth, the suggested sentence reflects the seriousness of the offense for which he stands convicted, promotes respect for the law, and provides just punishment for the offense. Fifth, it affords adequate deterrence to criminal conduct because of the mandatory deportation. Lastly, considering the nature and circumstance of the offense and Mr. Rufai's history and characteristics, such a sentence serves the ends of justice and is appropriate.

                                        Respectfully submitted,
                                        *s/ Paul Antonio Lacy*
                                        PAUL ANTONIO LACY

                                      ASSISTANT FEDERAL PUBLIC DEFENDER
                                      Bar Number: 5156
                                      215 Dean A. McGee, Suite 109
                                      Oklahoma City, Oklahoma 73102
                                      Telephone: 405-609-5944
                                      Facsimile: 405-609-5932
                                      E-Mail: Tony.Lacy@fd.org

## **CERTIFICATE OF SERVICE**

   X      I hereby certify that on Wednesday, December 7, 2011, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants: **Amanda Maxfield Green and Vicki Zemp Behenna**, Assistant United States Attorneys

                                        *s/ Paul Antonio Lacy*
                                        PAUL ANTONIO LACY