IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. CR-11-030-D |
| | ) | |
| OLALEKAN RUFAI, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR DOWNWARD DEPARTURE OR VARIANCE**

On August 17, 2011, a jury convicted Defendant Olalekan Rufai ("Rufai") of five counts of health care fraud or of aiding and abetting another in the commission of the offenses, in violation of 18 U.S.C. § 1347 and § 2. Both the government and Rufai have filed objections to the Presentence Report (PSR), with the government's calculation of the advisory sentencing guideline range at 51 to 63 months' imprisonment, and Rufai's calculation at 0 to 6 months. The U.S. Probation Officer's calculation in the Final PSR falls between these two arguments, at 21 to 27 months' imprisonment. (PSR ¶ 56). The Court must ultimately decide which, if any, of the objections have merit, and thus what the correct advisory sentencing guideline range should be. The government asserts that if the Court rejects all of its objections, then the PSR's calculation of 21 to 27 months represents the minimum advisory sentencing guideline range available to Rufai.

Rufai has filed a Motion for Downward Departure or Variance (Doc. 125) in which

he urges the Court to depart or vary downwards and sentence him to "time served" in jails, detention facilities, or community confinement, a period which does not yet total one year. (*Id*. at p. 1). Such a sentence would be a major and unwarranted departure from even the PSR's recommendation, since Rufai has failed to identify anything extraordinary or unique about the nature and circumstances of his offenses of conviction, his history and characteristics, his family ties and responsibilities, any mitigating circumstances, or any other circumstances that might cause the Court to depart or vary from the advisory sentencing guideline range.  Moreover, both Rufai's Motion for Downward Departure or Variance (Doc. 125) and his Sentencing Memorandum – Allocution (Doc. 124) make it clear that he has not truly accepted any responsibility for the crimes of which he was convicted.  Rather, he portrays <u>himself</u> as a victim of a con, consistently expressing that his only wrongdoing was in "associating with" Joshua Ohaka.  Thus, it is even more imperative for the Court to impose a sentence within the advisory guideline range  "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).  Such a sentence would be "sufficient, but not greater than necessary," to accomplish the purposes of sentencing. *Id*.

Respectfully submitted,

SANFORD C. COATS
United States Attorney

s/Amanda L. Maxfield Green
AMANDA MAXFIELD GREEN
VICKI ZEMP BEHENNA
Assistant U.S. Attorneys
Oklahoma Bar No. 19876
Oklahoma Bar No. 10734
210 W. Park Avenue, Suite 400
Oklahoma City, OK 73102
(405) 553-8770 (office)
(405) 553-8888 (fax)
Amanda.Green@usdoj.gov
Vicki.Behenna@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of December, 2011, I electronically transmitted the GOVERNMENT'S *RESPONSE TO DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE OR VARIANCE* to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Tony Lacy/AFPD

                                                    s/ Amanda L. Maxfield Green
                                                    AMANDA L. MAXFIELD GREEN
                                                    Assistant U.S. Attorney